## IN THE MATTER OF IRA BERNARD DWORKIN, AN AT-TORNEY AND COUNSELLOR-AT-LAW.

Argued November 8, 1954—Decided November 22, 1954.

*Mr. Anthony M. Hauck, Jr.*, by direction of the court, argued the order to show cause.

*Mr. Ryman Herr, Sr.*, argued the cause for respondent (*Messrs. Herr & Fisher*, attorneys).

PER CURIAM. The respondent Ira Bernard Dworkin, an attorney and counsellor-at-law, is before us on a disciplinary charge initiated by the Ethics and Grievance Committee of Hunterdon County.

After an investigation by the committee, it determined: "There were indications of unethical or unprofessional con-

duct and the matter was accordingly set down for formal hearing."

The findings of fact as ascertained by the committee after hearing were presented to us.

It appears that on June 18, 1953 the respondent received a claim of $70 against Victor L. Lurie of East Orange on a forged endorsement on a government check. He wrote a letter threatening criminal proceedings unless the same was paid, together with a counsel fee to be paid to him of $100. In the letter, he wrote: "My minimum fee in a criminal matter of this type is $100."

As a result of the letter Lurie, on or about June 23, 1954, delivered to Dworkin two postal money orders, one in the amount of the claim, namely, $70, and the other in the amount of the counsel fee demanded, namely, $100, which were received by Dworkin on or about June 25, 1954. The $70 money order was forwarded by the respondent to his client and he retained and cashed the $100 money order as his fee.

When the propriety of the letter written by the respondent was questioned by the Office of the United States Attorney, the respondent returned to Lurie the $100 counsel fee paid to him and procured a receipt therefor.

The defendant offered, in mitigation of the offense charged, his version of innocence and ignorance and submitted two character witnesses on his behalf.

The Ethics and Grievance Committee concluded the acts complained of constituted unethical and unprofessional conduct and accordingly made its presentment to us for disciplinary action.

██ We are in accord with the conclusion of the Ethics and Grievance Committee that the acts constituted unethical and unprofessional conduct. A lawyer may not resort to coercive tactics of threatening a criminal action in order to effect a civil settlement. *Drinker, Legal Ethics* (1953), *p.* 153. In fact, the respondent likewise admits the impropriety of his acts and asks leniency in the imposition of sentence.

His counsel asserts:

"The respondent is sincerely repentant; he offered to make restitution the moment the impropriety of his action was brought to his attention. * * * Respondent intended no wrongdoing. His transgression constituted a single mistake in judgment which was wholly unintentional."

Other than the charge made, the respondent comes with good repute and an honorable record, but we cannot condone the offense committed.

Our conclusion is that the respondent should be suspended from the practice of law for a period of one year and until the further order of this court.

*For suspension for one year*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.